IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD PAGE, individually and on behalf of all others similarly situated, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 5:15-CV-193-RP |
| CRESCENT DIRECTIONAL DRILLING, L.P., | | |
| Defendant. | | |

## ORDER

Before the Court are Plaintiff Richard Page's Motion to Certify Class and for Notice to Putative Class Members, filed June 16, 2015 (Dkt. #11); Defendant Crescent Directional Drilling, L.P.'s Response, filed July 7, 2015 (Dkt. #14); Plaintiff's Reply, filed July 13, 2015 (Dkt. #19); and Defendant's Sur-Reply, filed July 23, 2015 (Dkt. #24). By way of the motion, Plaintiff seeks conditional certification of a proposed class in this collective action brought under the Fair Labor Standards Act ("FLSA"). Having thoroughly considered the motion, responsive pleadings, relevant case law, and entire record in this action, the Court finds that Plaintiff's motion should be denied without prejudice.

I.

The instant suit arises out of Plaintiff Richard Page's employment with Defendant Crescent Directional Drilling, L.P. ("Crescent"). Crescent is an oil field services company that provides directional drilling services throughout the United States. (Compl. ¶ 12). Plaintiff alleges that during the time in question, he worked for Crescent as an "MWD Operator," where his primary responsibilities included operating oilfield machinery, collecting and relaying data, and reporting his daily activities to field supervisors for analysis. (*Id.* ¶ 14). While working as an MWD Operator, Plaintiff claims that he was paid "a base salary and/or a day rate or field bonus" rather than an hourly rate with overtime. (*Id.* ¶ 15). Additionally, Plaintiff alleges that Crescent

has employed a number of other MWD Operators over the last three years, and that while their exact job titles differ, each had substantially similar responsibilities and was subjected to the same pay practices as Plaintiff.

On March 13, 2015, Plaintiff filed a complaint on behalf of himself and all others similarly situated against Crescent for alleged violations of the overtime wage provisions of the FLSA, 29 U.S.C. § 201, *et seq.*  On June 16, 2015, Plaintiff moved for conditional certification of his proposed class.  In the motion, Plaintiff defines the class of aggrieved employees as "[a]ll individuals who were employed by Crescent Directional Drilling, LP as an MWD Field Operator and/or an MWD Field Technician over the past three (3) years and paid a salary and/or a day rate." (Pl.'s Mot, at 1).

## II.

An employee can bring actions for violating the overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b).  When brought as a collective action, the plaintiff may seek "conditional class certification" from the court, which permits the plaintiff to "send[ ] [a] court-approved written notice to employees, who in turn become parties to [the] collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, —— U.S. ——, 133 S. Ct. 1523, 1527 (2013) (citations omitted).

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class, the majority of courts within this circuit have adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  *See, e.g.*, *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (following *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 997 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).  At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class."  *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010).  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."  *Mooney*, 54 F.3d at 1214.

If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members.  *Id.*  After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated.  *Mooney*, 54 F.3d at 1214.  At that point the Court will fully evaluate the merits of the class certification.

Because Plaintiff is presently seeking conditional certification, this lawsuit is at the notice stage, and accordingly the Court will only address the first stage of the *Lusardi* inquiry.

**III.**

Defendant opposes conditional certification on a number of grounds, the two most salient being (1) no one at Crescent has held the job title of "MWD Field Operator" or "MWD Field Technician" over the last three years and (2) certain individuals in Plaintiff's proposed class have already been paid back wages in exchange for releasing their right to bring suit under the FLSA. (Resp., at 5-7).  These arguments are addressed in turn below.

Defendant's first and most persuasive argument against conditional certification is that no one at Crescent has held the title of "MWD Field Operator" or "MWD Field Technician" over the last three years.  Rather, Defendant claims that Plaintiff's job title was "MWD Senior Logging Supervisor." (Resp., at 6).  Defendant further argues that Plaintiff intentionally kept his job title

3

ambiguous in an attempt "to gather a variety of other 'MWD' positions under the umbrella of his class definition" without any evidence that other MWD employees are actually similarly situated. (*Id.*). Further, Defendant argues, the four substantively identical affidavits submitted with Plaintiff's motion only identify the workers as "MWD Operators," making it impossible to determine these employees' actual job titles. (*Id.* at 8).

In response, Plaintiff proposes a "less ambiguous" class definition—one which includes "MWD Senior Logging Supervisors, MWD Logging Engineers, MWD Trainees, and other discrete MWD job titles used by Crescent who were employed by Crescent and paid a salary and/or day rate over the past three years." (Reply, at 4). Plaintiff claims that each of these job titles falls under the umbrella of "MWD Field Operators and/or MWD Field Technicians." (*Id.* at 2). Plaintiff further asserts that he has demonstrated that each employee that falls under this umbrella is similarly situated by having four "MWD Operators" tender affidavits that describe similar job responsibilities and pay polices. (*Id.* at 2-3).

At the notice stage, allegations made in pleadings and affidavits are generally sufficient to support a claim for conditional certification. *Mooney*, 54 F.3d at 1213-14. That said, "'most courts require some factual support' for allegations presented in the complaint, either in the form of multiple affidavits with some factual basis or other supporting evidence." *McCloud v. McClinton Energy Group, L.L.C.*, No. 7:14-CV-120, 2015 WL 737024, at *4 (W.D. Tex. Feb. 20 2015) (quoting *Aguirre v. SBC Commcn'ns, Inc.*, No. CIV. A. H-05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006)).

Plaintiff has fallen short of this requirement. Although Plaintiff's pleadings and affidavits make it clear that four "MWD Operators" had similar job duties and were paid in a similar manner,[1] the Court has no way of knowing what jobs these "MWD Operators" actually held.

---

[1] Specifically, each declarant stated that as an "MWD Operator" they "spent the majority of [their] time rigging up, operating oilfield machinery, collecting/relaying data, reporting [their] daily activities to everyone on the 'distribution list,' including other MWDs, geologists, consultants, Crescent's clients, and

4

Perhaps each declarant was a senior logging supervisor, in which case Plaintiff has only presented a strong argument for certifying a class of senior logging supervisors. Or perhaps each declarant held different job titles, all falling under the larger umbrella of "MWD Operators"—a circumstance that would provide compelling justification for conditionally certifying the entire proposed class. But based on the pleadings and affidavits currently under consideration, the Court has no way to know. Therefore, Plaintiff has not provided sufficient factual support to warrant a finding that all members of the proposed class are similarly situated.

To be clear, the Court is not ruling on whether conditional certification *could be* warranted for Plaintiff's proposed class. It is entirely possible that each job listed in Plaintiff's "less ambiguous" class definition is similar enough to justify certification. But before the Court can make this determination, Plaintiff must provide some support for the claim that all "MWD Field Operators" and "MWD Field Technicians" are similarly situated. Accordingly, the Court denies Plaintiff's motion for conditional certification without prejudice.

Defendant's second argument against certification is that certain individuals that fall under the proposed definition have already released their right to bring suit under the FLSA. While these individuals are unlikely to opt in to the collective action in the first place, the Court agrees that the class definition should, if at all possible, be written in a way that excludes those who have no right to sue. Thus, Plaintiff should attempt to tailor any future proposed class definition to exclude individuals who have fully released their rights to participate in the collective action.

---

others who oversaw the entire operations on the jobsite, and rigging down." (Pl.'s Mot., Ex. 1-4). Additionally, each declarant states that they were paid "a base salary and a day rate." (*Id.*)

**IV.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Richard Page's Motion to Certify Class and for Notice to Putative Class Members is **DENIED without prejudice**.

**SIGNED** on July 31, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE